SICILIAN ASPHALT PAVING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10893.    Promulgated April 23, 1928.

*Daniel B. Priest, Esq.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, for the respondent.

LITTLETON: The Commissioner determined a deficiency of $11,282.74 for 1920 and of $11,709.30 for 1921, and the petitioner filed a petition with the Board contesting the correctness of this determination, claiming that for the years 1920 and 1921 the Commissioner erroneously disallowed as deductions from gross income $12,668.93 for 1920 and $8,885.28 for 1921, representing a portion of the depreciation on property claimed by the petitioner. The petitioner assigned certain other errors claimed to have been committed by the Commissioner in disallowing a deduction in 1920 and 1921 of certain amounts which it estimated would be the cost of maintaining certain paving laid by the petitioner over a period of five years and in refusing to allow a deduction in the years 1920 and 1921 of certain amounts claimed to have been retained by the city in connection with certain paving contracts.

At the hearing of the proceeding the petitioner withdrew its claim of error in respect of all of the items except the matter of depreciation of the property in 1920 and 1921, and the Commissioner conceded that his determination of the amount deductible for depreciation of the property in 1920 and 1921 was erroneous. The parties stipulated "that the proper rate of depreciation for this petitioner

for the years 1920 and 1921 is 10 per cent on all this property, and that in the deficiency notice from which the appeal is taken, the respondent allowed depreciation at the rate of 10 per cent on all items of tangible property except that of buildings on which he allowed 4 per cent; that the restoration of the 10 per cent rate with respect to buildings will entitle petitioner to an additional allowance for depreciation of $6,000 for each of the years 1920 and 1921."

The deficiencies should be recomputed by allowing depreciation upon petitioner's tangible property computed at the rate of 10 per cent.

*Judgment will be entered on 10 days' notice, under Rule 50.*